```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KELLY WALLACE,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       14-CV-2264(JS)(AKT)

FBI, U.S. Dept. of Justice,

                Defendant.
----------------------------------X
KELLY WALLACE,

                Plaintiff,

        -against-                       14-CV-2512(JS)(AKT)

U.S. GOVERNMENT, CIA, NSA, DEPT.
OF DEFENSE, DEPT. OF HOMELAND
SECURITY, DEPT. OF OFFICE OF
SCIENCE & TECHNOLOGY, FBI, and
UNKNOWN MILITARY VETERANS AND
MILITARY PERSONNELL [SIC]
(of the U.S. government),

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Kelly Wallace, pro se
                  51 Penn Street
                  Lake Grove, NY 11755

For Defendants:   No appearances.
```

SEYBERT, District Judge:

On April 4, 2014, pro se plaintiff Kelly Wallace ("Plaintiff") filed an in forma pauperis Complaint (the "First Complaint") against the FBI, U.S. Dept. of Justice (the "FBI"), alleging, inter alia, that the FBI has violated her civil rights by conducting illegal surveillance and stalking her. On April 16, 2014, Plaintiff filed a second in forma pauperis Complaint (the

"Second Complaint"), also against the FBI, and several additional Federal defendants, namely the "U.S. Government, [the] CIA, [the] NSA, [the] Dept. of Defense, [the] Dept. of Homeland Security, Dept. of Office of Science & Technology, and unknown military veterans and military personnell [sic] (of the U.S. government)." (Second Compl. at 1-2.)[1] Like the First Complaint, the Second Complaint alleges, inter alia, that these various federal governmental agencies have conducted unlawful surveillance and harassment of the Plaintiff. (Second Compl. at 2-4.)

Each Complaint was accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declarations in support of her applications to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence these actions without prepayment of the Court's filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, the applications to proceed in forma pauperis are GRANTED. However, for the reasons that follow, the First Complaint and Second Complaint fail to allege a plausible claim and are sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] On April 16, 2014, Plaintiff also filed a letter requesting "a speedy trial" due to the nature of her allegations. See Wallace Letter, dated April 16, 2014 [No. 14-CV-2264, Docket Entry No. 4]. Given the dismissal of the Plaintiff's Complaints as set forth herein, her application is moot.

2

BACKGROUND

I. The First Complaint

Submitted on the Court's general complaint form, the First Complaint alleges that the FBI has been conducting unlawful surveillance of Plaintiff "24/7" since December 2012. (First Compl. at ¶ III.A-C.) According to the First Complaint, hidden cameras were installed in Plaintiff's home (which were detected by a "camera dector [sic]") and her telephone calls were intercepted. (First Compl. at ¶ III.C.) Plaintiff also claims that her internet use, e-mails, and texts have been hacked and that she has been "gangstalk[ed] [by] many vehicles of men unknown, with police stickers on cars, military stickers as well." (First Compl. at ¶ III.C.) According to Plaintiff, "[a]n EMF device was being used on me from an apt. next to me, while 2 FBI agents were in the bldg. next to me for about 1-2 weeks." (First Compl. at ¶ III.C.) Plaintiff further alleges that

> Someone trespassed into my home, [and] caused injury (by drugging food/beverage) to my (R) ear [and] left a permanent 'clicking', (L) shoulder area has been permanent [sic] muscle/neck area injured and further used as a trigger point of EMF device transmission to heat my head, body, those areas to pain, and 'private' parts. I AM BEING TARGETED ON SOME <u>BLACKLISTING</u> BY FBI, GOV., POLICE. I NEED INFO. ON THE FOIA, IF THEY WENT TO A <u>FISA COURT</u>?

(First Compl. at ¶ III.C.) In the section of the complaint form that calls for a description of any claimed injuries, Plaintiff

3

alleges that she experiences "sexual touching by device 24/7" as well as trauma to her right ear, left shoulder, both hands, and her left leg. (First Compl. at ¶ IV.) Plaintiff also claims that her "eyes have 'unknown' 'objects' that 'light up' looking like clear 'contact lenses' glowing, vision changes seem permanent, [and were] placed in [her] eyes during a night of drugging my food/beverage. . . ." (First Compl. at ¶ IV.)

For relief, Plaintiff seeks to recover a damages award in the amount of $5 million in addition to the entry of an order of protection against the FBI to stop the stalking, surveillance and use of the "EMF Device." (First Compl. at ¶ V.)

II. The Second Complaint

Plaintiff's Second Complaint is also submitted on the Court's general complaint form. Like the First Complaint, the Second Complaint alleges, inter alia, that the Plaintiff is under surveillance by the Federal government. More specifically, Plaintiff claims that she has been "placed illegally into a Human Military robotic experiment/program DARPA, 24/7 monitoring, remote neural monitoring torture." (Second Compl. at ¶ III.) The Second Complaint alleges that the surveillance began in 2007 at various locations in New York and Pennsylvania and that Plaintiff is

> [b]eing used as an unethical human experimentation that started one phase (as I can indicate) [in] 2007, 2008, 2010, and phase 2 began 2013 with mind control technology – known as voice to skull/synthetic telepathy. This technology is being used to torture me,

4

> injure, intimidate with coercion, thought coercion to change who I am as a human being, violating my human amendment 3 rights of equality (discrimination of disability) privacy, human amendm. 4 of freedoms of expression, no coercion of religion, right to peaceably assemble, right to freedom of movement, association, physical pain & suffering mental anguish with loss of social interactions, isolation, confinement, loss of enjoyment of life, injury to reputation with rumors, false phrases words spoken 24/7, deceptive trade practice of malice toward me with no answers directly from these federal agencies of the cruel and unusual punishment methods being done to me this past year, 2013-present April 16, 2014 and future damages, & future consistent confinement due to stalking, harrassment [sic] methods used. All communications are being listened to, I am being monitored to the brain 24/7. There was a[n] incident in Feb. 2013 where I met 2 FBI agents at my complex in a bldg. near my apt. Stalking began, surveillance of phones, eaves dropping measures, hidden camera detection by detector, contacts were made about all of this.

(Second Compl. at ¶ III.C.) As a result, Plaintiff claims to have suffered "trauma" including "emotional abuse [and] sexual violations abuse." (Second Compl. at ¶ IV.) Plaintiff describes that she has skin lesions and "scars of different shapes from the EMF device" and hears "amplified severe sounds [that] [] make me flinch, jump, jolt through [my] entire central nervous system from head to toe." (Second Compl. at ¶ IV.) Plaintiff also claims to suffer, among other things, "sleep deprivation, sexually induced nightmares, images, sexual touching, sexual emotional trauma, sexually induced mechanical orgasm done to brain & vaginal area

5

connected to cause left side of body weakness after a few of these episodes of the electrical frequency signals directed at my brain." (Second Compl. at ¶ IV.)

For relief, Plaintiff seeks to recover a damages award of $5 million as well as an order directing the Government to "STOP ALL MIND CTRL. Immediately" and "shut down the device that has been using my eyes, and the voice to skull technology of transmitted voices 24/7." (Second Compl. at ¶ V.)

DISCUSSION

I. Standard of Review

The Court is required to read a pro se plaintiff's Complaint liberally and construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Irrespective of whether they are drafted pro se, all complaints must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671

6

F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous. Mecca v. U.S. Government, 232 F. App'x 66, 66-67 (2d Cir. 2007) (affirming district court dismissal of complaint that was "replete with fantastic and delusional scenarios.") (internal quotation marks and citation omitted); Shoemaker v. U.S. Dep't of Justice, 164 F.3d 619 (2d Cir. 1998). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Here, as is readily apparent, the Complaints are nothing

more than Plaintiff's delusions and do not set forth any cognizable claim. Samuel v. Bloomberg, No. 13-CV-6027, 2013 WL 5887545, *1 (E.D.N.Y. Oct. 31, 2013) (dismissing frivolous pro se complaint explaining "[p]laintiff's allegations--even under the very liberal reading we accord pro se pleadings (and even if plaintiff himself believes them to be true)--can only be described as delusional and fantastic."). Accordingly, Plaintiff's frivolous Complaints[2] are sua sponte DISMISSED WITHOUT PREJUDICE.

II. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[2] Plaintiff is cautioned that Federal Rule of Civil Procedure 11 applies to pro se litigants, Ginther v. Provident Life & Cas. Ins. Co., 350 F. App'x 494, 496 (2d Cir. 2009) (upholding a district court's imposition of sanctions against a pro se litigant), and that should she file another frivolous Complaint, it is within the Court's realm to consider sanctions. See FED. R. CIV. P. 11.

8

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing the Plaintiff's Complaints liberally, and interpreting them as raising the strongest arguments they suggest, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds that Plaintiff's allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiff an opportunity to amend her Complaints given that the deficiencies therein are not such that could be cured by amendment.

## CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED and both cases are sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a plausible claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

9

any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff and to mark these cases CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __7__, 2014
      Central Islip, New York